**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICK JAMAINE NUNN, | No. 11-17790 |
| Petitioner - Appellant, | D.C. No. 4:08-cv-05284-PJH |
| v. | |
| M. S. EVANS, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted February 10, 2014
Stanford, California

Before: O'SCANNLAIN and MURGUIA, Circuit Judges, and MUELLER, District
Judge.**

Patrick Jamaine Nunn appeals the district court's denial of his habeas

petition. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kimberly J. Mueller, United States District Judge for
the Eastern District of California, sitting by designation.

Nunn contends that the trial court violated his right to a fair trial under the Due Process Clause of the Fourteenth Amendment because it did not *sua sponte* instruct the jury to view with caution the evidence presented at trial of Nunn's out-of-court oral admissions. California law requires such an instruction. *See People v. Stankewitz*, 793 P.2d 23, 37 (Cal. 1990).

A jury instruction error may violate due process if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation marks omitted). However, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). And "the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle*, 502 U.S. at 71-72.

We do not decide whether the California Court of Appeal adjudicated the merits of Nunn's Federal due process claim because, even on de novo review, we conclude that there was no constitutional error. In reviewing for fundamental fairness, we look at the instructions as a whole. *Id.* at 72. The trial court instructed the jury on witness bias and motive to lie, weighing conflicting witness testimony, a witness's prior consistent or inconsistent statements, and testimony discrepancies. The trial court's instructions on evaluating witness testimony as a

2

whole were correct and unambiguous. Therefore, we conclude that the trial court's omission of the instruction did not "so infect[] the entire trial" that Nunn's convictions violate due process.

**AFFIRMED.**